IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Frederick Abraham McKenzie, | ) | C.A. No. 4:13-667 |
| | ) | Cr. No. 4:04-556 |
| Petitioner, | ) | |
| | ) | |
| -versus- | ) | |
| | ) | |
| United States of America | ) | ORDER |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court upon Defendant's pro se "motion persuant [sic] to 28 U.S.C. Section 2255 for ineffective assistance of counsel prior to guilty plea" which was filed on March 12, 2013. (Doc. # 127). On March 29, 2013, the Government filed a response in opposition and motion for summary judgment as to Petitioner's petition. (Docs. # 131 & # 132) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed March 29, 2013 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 133) Petitioner filed responses to the Government's motion on April 22, 2013 and May 1, 2013. (Docs. # 137 & # 138).

As an initial matter, the Court notes that Petitioner previously filed a 28 U.S.C. § 2255 petition on June 18, 2007, which was decided on the merits and dismissed by Order of this Court dated September 17, 2008. In light of these facts of record, and after careful review and consideration, the Court finds that the instant motion is a successive motion filed in this court pursuant to 28 U.S.C. § 2255. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or

1

successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

These statutory directives have been applied consistently by the Fourth Circuit Court of Appeals. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)); see also 28 U.S.C. § 2255 ("A second or successive motion [under this section] must be certified as provided in § 2244 by a panel of the appropriate court of appeals . . ."); see generally In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). In the absence of pre-filing authorization, the district court lacks jurisdiction to consider a motion under § 2255. See Winestock, 340 F.3d at 205.

Because the petitioner has previously filed a § 2255 petition which was adjudicated on the merits, the present petition is successive. The docket does not reflect that Petitioner has sought or received authorization from the Fourth Circuit Court of Appeals to file a second successive motion under § 2255. As such, this court lacks jurisdiction to consider the motion.

**CONCLUSION**

Accordingly, defendant's motion (Doc. # 127) is **DISMISSED** as this court is without jurisdiction to consider it.  Out of an abundance of caution, the Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/ Terry L. Wooten  
Terry L. Wooten  
CHIEF UNITED STATES DISTRICT JUDGE

Florence, South Carolina
August 7, 2013

3